**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7069**

TERESA MILLER,

  Petitioner - Appellant,

  v.

LORI NOHE,

  Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:16-cv-05251)

Submitted: October 23, 2018                           Decided: October 26, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Teresa Miller, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teresa Miller, a former state prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing her 28 U.S.C. § 2241 (2012) petition as moot. Finding no reversible error, we affirm.[*]

We review the district court's mootness determination de novo. *See Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017). "Article III of the Constitution limits federal-court jurisdiction to cases and controversies," and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (internal quotation marks omitted). If a habeas petitioner challenges only her sentence or the revocation of her probation or parole, and her sentence expires while the habeas petition is pending, the petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction"—to avoid dismissal on mootness grounds. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also United States v. Hardy*, 545 F.3d 280, 283-85 (4th Cir. 2008) (discussing mootness in revocation context).

---

[*] Although a certificate of appealability generally is required to appeal "the final order in a habeas corpus proceeding," 28 U.S.C. § 2253(c)(1)(A) (2012), we conclude that no certificate of appealability is required here because the district court's dismissal on mootness grounds is unrelated to the merits of the § 2241 petition. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009); *United States v. McRae*, 793 F.3d 392, 399-400 (4th Cir. 2015).

2

Here, Miller's petition challenged her probation revocation proceedings but specifically sought only her release from imprisonment to allow her to complete her term of probation. The district court could no longer grant this relief after Miller was released from prison during the pendency of her habeas proceedings. Although Miller argues that she attempted to amend her petition to seek monetary damages, that relief is not available by way of § 2241. Moreover, Miller was discharged from probation while her habeas petition was pending, and she identifies no collateral consequences arising from her revocation proceedings. *See United States v. White*, 620 F.3d 401, 415 n.14 (4th Cir. 2010) (recognizing our authority to "take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue"). The district court therefore properly dismissed Miller's petition as moot.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*